## JOHN D. MONROE

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 15, 1885.*

1. SELLING INTOXICATING LIQUORS TO MINOR—*of the proof that a sale was made.* On the trial of one indicted for selling intoxicating liquor to a minor, the minor testified: "I know where defendant's place of business is. He keeps a saloon under * * * I have been in his place, and have drank intoxicating liquors there, within the past eighteen months, five or six times, and paid for it. The last time was about four months ago. I obtained it of his bar-tender. I drank beer. I don't remember how many times I bought and paid for intoxicating liquor at his place—in my best judgment it was several times. I am nineteen years of age:" *Held,* that this evidence was sufficient to justify a finding that intoxicating liquor was sold.

2. SAME—*burden of proof to show authority for sale to a minor.* To convict a dram-shop keeper of selling intoxicating liquor to a minor, it is sufficient to prove the sale to the minor, without showing it was made without the written order of the parent, guardian or family physician. If the sale is made under such written order, the defendant must show that fact in defence, to exonerate himself from the statutory penalty.*

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Messrs. RUBENS, McGAFFEY & AMES, for the plaintiff in error:

Whether certain beer sold is malt or intoxicating beer, or root beer, ginger beer, or any of the numerous kinds of beer which are well known not to be intoxicating, is a question of fact; and whenever the law does not specifically include "beer" among the liquors the sale of which it prohibits, then no conviction can be sustained without satisfactory proof that the beer in question comes within the provisions of the statute. *Lathrop* v. *State,* 50 Ind. 555; *Klave* v. *State,* 43 id. 483;

---

* To the same effect, see *Birr* v. *The People, ante,* p. 645.

*State* v. *Chappel,* 116 Mass. 7; *Commonwealth* v. *Blos,* id. 56; *State* v. *Starr,* 67 Me. 242; *State* v. *Wall,* 34 id. 165; *People* v. *Ziegler,* 6 Parker's Cr. 355; *State* v. *Biddle,* 54 N. H. 379; *Kurz* v. *State,* 79 Ind. 488.

It devolved upon the prosecution not only to prove the sale of intoxicating liquors to the minor, but also to prove that such sales were without the written order required by the statute. *State* v. *Evans,* 5 Jones, (N. C.) 250; *State* v. *Woodley,* 2 id. 276; *McGuire* v. *State,* 21 Miss. 257.

Mr. GEORGE HUNT, Attorney General, for the People:

The testimony of the witness Fallen was, that the minor bought intoxicating liquors at the defendant's saloon, and paid for them. The beer sold by saloons is well understood to be malt beer. *Godfriedson* v. *People,* 88 Ill. 284; *Bandalow* v. *People,* 90 id. 218.

Where proof of a sale of intoxicating liquor is made, the burden of proof is devolved on the defendant to show the sale was lawful. *Harbaugh* v. *City of Monmouth,* 74 Ill. 371; *Metzler* v. *People,* 14 id. 101; *Noecker* v. *People,* 91 id. 468; *Town of Flora* v. *Dills,* 5 Bradw. 629.

Per CURIAM: This was an indictment against John D. Monroe, for selling intoxicating liquor to a minor, in violation of section 6 of the Dram-shop act. The indictment contained six counts, but defendant was found guilty only under the second count.

It is argued by counsel for the defendant, that it was not proven that intoxicating liquor was sold,—that the evidence showed a sale of "beer," merely. This is a misapprehension of the evidence. The witness Fallen testified as follows: "I reside at Elgin. I know where defendant's place of business is. He keeps a saloon under the Nolting House, in the city of Elgin, in Kane county, Illinois. I have been in his place, and have drank intoxicating liquor there, within the

past eighteen months, five or six times, and paid for it. The last time was about four months ago. I obtained it of his bar-tender. I drank beer. I don't remember how many times I bought and paid for intoxicating liquor at his place,—in my best judgment it was several times. I am nineteen years of age." Under this evidence the jury was fully justified in finding that intoxicating liquor was sold.

It is also contended that it devolved on the People to prove that the sale was made without the written order of the parent, guardian or family physician. We do not so understand the law. This was a matter of defence, which, if relied upon, it devolved on defendant to establish. Where the People proved a sale of intoxicating liquor to a minor, the law required nothing further on their part. After a sale was established, if the defendant desired to exonerate himself from the penalty provided by the statute, it devolved upon him to prove that he made the sale under a written order from the parent, guardian or family physician. The proposition contended for would impose on the prosecution the burden of proving a negative, which the law does not require. *Harbaugh* v. *City of Monmouth,* 74 Ill. 371.

So far as is disclosed by the record no error is perceived, and the judgment will be affirmed.

*Judgment affirmed.*